ALFORD FISHER *vs.* SHERMAN BARRETT & others.

The lessor for years of part of a steam mill having covenanted with the lessec, to furnish him with a certain amount of steam power during every working day in the year, and that if at any time he should fail to do so, the rent should cease during the time of such failure; it was held, that the suspension of the rent was not a liquidation of the lessee's damages for a breach of the lessor's covenant to furnish steam power.

THE facts of this case sufficiently appear in the opinion of the court.

*S. Ames,* for the plaintiff.

*E. R. Hoar,* for the defendants.

METCALF, J.    This is an action of covenant broken, which has been tried in the court of common pleas, and comes be- fore us upon exceptions to the ruling of that court. The action is upon an indenture, made on the 25th of August, 1847, by Abel Moore, Joel Britton and Sherman Barrett, all of Concord in this county, of the one part, and the plaintiff, of the other part ; and is in the following terms : " The said Moore, Britton and Barrett do hereby demise, lease and let unto the said Fisher, a certain part of the steam mill so

called, situated in said Concord, and belonging to the Con-
cord Steam Mill Company, to wit, the whole of the floor of
the second story of said steam mill, except the part used for
sawing logs," &c., " with certain other rights and privileges,
as hereinafter set forth ; to hold for the term of five years.
The said lessors agree to cause to be erected, in addition to
the north end of said room," certain fixtures, &c., not in
question in this suit. " Also said lessors agree to put up in
said room such shafting as may be necessary and appro-
priate for said Fisher's business. Also said lessors agree to
furnish sufficient steam power, during every working day in
the year, to run such machinery as said Fisher shall have in
the building for his use ; provided that the power to be used
by said Fisher shall not exceed an average of six horse
power, in any one year, and at no time to exceed twelve
horse power ; and if at any time such power is not furnished,
the rent, during the time such power is not furnished, shall
cease ; unavoidable accidents excepted. They also agree to
furnish a main belt for the shafting. Also a planing ma-
chine is to be put in, on or before the twenty-fifth day of
February next. And the said Fisher does promise and agree
to hold the said premises for the term of five years from the
said twenty-fifth day of August instant, and to pay therefor,
as rent, the sum of two hundred and twenty-five dollars per
year, until the machinery for planing boards shall be put in,
on or before the twenty-fifth day of February next, and two
hundred and seventy-five dollars a year, after said machinery
for planing boards shall be put in operation as above men-
tioned, and to pay said rent quarterly. And said lessee
agrees that the power, which he shall use, shall not average
more than a six horse power in any one year, nor shall, at
any one time, exceed a twelve horse power. The said rent
to commence when the said shafting is put up and set in
operation."

The plaintiff's declaration alleges that he entered into the
demised premises, and fulfilled his covenants with the de-
fendants ; that he desires still to enjoy the benefits of said
demise, and to carry on his ordinary business in said prem-

ises, by the aid of machinery there set up by him; but that the defendants have not furnished a planing machine, as they covenanted to do; and that they, on the 21st day of January, 1848, and ever after, until the commencement of this action, (March 6th, 1848,) neglected and refused to furnish to him any steam power to run such machinery as he had in said mill, for his use.

At the trial, the plaintiff claimed damages only for the defendants' refusal to furnish the steam power which they, by their covenant, had agreed to furnish to him. The defendants admitted that they had so refused. But they contended, that, by the terms of the lease, the suspension of the rent was intended to be the liquidated damages for the breach of the said covenant, and that they were not liable for any other or further damages. It appeared in evidence that the plaintiff had paid no rent, during the time the steam power was withheld from him; and the plaintiff offered to prove that the actual damage, which he had sustained by the withholding of the steam power, greatly exceeded the amount of the rent during the time it was withheld. The court ruled that the plaintiff was not entitled to recover, in this action, for the breach of said covenant; and a verdict was thereupon rendered for the defendants.

The sole ground upon which the defendants' counsel has relied in argument, to support this ruling, is that which was taken at the trial, namely, that the parties had agreed upon the suspension of rent as stipulated damages for the withholding of the steam power. This ground, in our opinion, cannot be maintained. It is said, in 2 Comyn on Contracts, (1st ed.) 537, that " stipulated damages can only be where there is a clear and unequivocal agreement, which stipulates for the payment of a certain sum as a liquidated satisfaction, fixed and agreed upon by the parties, for the doing or not doing of certain acts particularly expressed in the agreement." If this be an accurate description of stipulated damages, it effectually disposes of the present case.

The only authority, on which the defendants' counsel placed any reliance, was the case of *White* v. *Dingley*, 4 Mass.

433, where the defendant gave the plaintiff a letter of license for two years, and covenanted not to sue him within that time, and also covenanted that if he should so sue, the plaintiff should be wholly discharged from the defendant's claim. The defendant did sue the plaintiff within two years, and committed him to prison, on the writ; and the plaintiff brought an action, on the defendant's covenant, to recover damages for the breach thereof. It was held that the action could not be maintained; and it was said that the forfeiture of the debt was not in the nature of a penalty, but was a liquidation of the damages to be paid in case of a breach of the covenant on the part of the defendant. But the true ground of that decision, we believe, was stated in the close of the opinion of the court; viz., that "no action, by the common law, lies for damages sustained by suing a civil action, when the plaintiff fails, unless it be alleged and shown to be malicious and without probable cause."

In the present case, the plaintiff took a lease of part of a building, for five years, for the purpose of carrying on business, and placed machinery therein, on the faith of the defendants' covenant to furnish him with steam power to work it. He began to work, and the defendants soon withheld all steam power, and wholly defeated the business on which he had entered. And in answer to his claim of damages for this breach of their covenant, they say that those damages are liquidated by the agreement between them and him, that they shall not claim rent for what they prevent him from enjoying. We cannot so construe the indenture.

*New trial granted.*